ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :    **SEALED**
                                   :    **INDICTMENT**
         - v. -                    :
                                   :    S2 07 Cr. 198
FERNEY LOPEZ-MUNOZ,                :
   a/k/a "Ferney Velasquez,"       :
   a/k/a "Engineer,"               :
                                   :
              Defendant.           :
- - - - - - - - - - - - - - - - - -x

COUNT ONE

The Grand Jury charges:

1. From in or about July 2005, through and including on or about March 13, 2007, in the Southern District of New York and elsewhere, FERNEY LOPEZ-MUNOZ, a/k/a "Ferney Velasquez," a/k/a "Engineer," the defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of said conspiracy that FERNEY LOPEZ-MUNOZ, a/k/a "Ferney Velasquez," a/k/a "Engineer," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United States Code.

Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. In or about July 2005, in New York, two co-conspirators not named as defendants herein ("CC-1" and "CC-2") discussed receiving and distributing heroin from Colombia.

    b. In or about December 2005, in New York, New York, CC-1 was involved in a heroin transaction.

    c. On or about November 28, 2006, FERNEY LOPEZ-MUNOZ, a/k/a "Ferney Velasquez," a/k/a "Engineer," the defendant, and a co-conspirator not named as a defendant herein ("CC-3") spoke over the telephone about transporting heroin.

    d. On or about January 30, 2007, LOPEZ-MUNOZ spoke over the phone with a co-conspirator not named as a defendant herein ("CC-4") about a shipment of heroin.

(Title 21, United States Code, Section 846.)

COUNT TWO

The Grand Jury further charges:

4. From in or about July 2005, through and including on or about March 13, 2007, in the Southern District of New York and elsewhere, FERNEY LOPEZ-MUNOZ, a/k/a "Ferney Velasquez," a/k/a "Engineer," the defendant, and others known and unknown,

unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

5.   It was a part and an object of the conspiracy that FERNEY LOPEZ-MUNOZ, a/k/a "Ferney Velasquez," a/k/a "Engineer," the defendant, and others known and unknown, would and did import into the United States from a place outside thereof, a controlled substance, to wit, one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Sections 812, 952, and 960(a)(1) & (b)(1)(A) of Title 21, United States Code.

Overt Acts

6.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about July 2005, in New York, two co-conspirators not named as defendants herein ("CC-1" and "CC-2") discussed receiving and distributing heroin from Colombia.

b.   In or about December 2005, in New York, New York, CC-1 was involved in a heroin transaction.

c.   On or about November 28, 2006, FERNEY LOPEZ-MUNOZ, a/k/a "Ferney Velasquez," a/k/a "Engineer," the defendant, and a co-conspirator not named as a defendant herein ("CC-3")

spoke over the telephone about transporting heroin.

        d.    On or about January 30, 2007, LOPEZ-MUNOZ spoke over the phone with a co-conspirator not named as a defendant herein ("CC-4") about a shipment of heroin.

(Title 21, United States Code, Section 963.)

<u>COUNT THREE</u>

The Grand Jury further charges:

7.    From at least in on or about 2005, through and including in or about February 2006, in the Southern District of New York and elsewhere, FERNEY LOPEZ-MUNOZ, a/k/a "Ferney Velasquez," a/k/a "Engineer," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(1)(B)(i).

8.    It was a part and an object of the conspiracy that FERNEY LOPEZ-MUNOZ, a/k/a "Ferney Velasquez," a/k/a "Engineer," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, the wiring of money to individual bank accounts and deposit of money into bank accounts, represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified

unlawful activity, to wit, the proceeds of illegal narcotics transactions, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### Overt Act

9. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

    a. In or about December 2005, CC-1 was told by FERNEY LOPEZ-MUNOZ, a/k/a "Ferney Velasquez," a/k/a "Engineer," the defendant, to deposit the proceeds of narcotics transactions into a bank account located in New York, New York, in the name of a co-conspirator not named as a defendant herein.

(Title 18, United States Code, Section 1956(h).)

### FORFEITURE ALLEGATION

10. As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, FERNEY LOPEZ-MUNOZ, a/k/a "Ferney Velasquez," a/k/a "Engineer," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting and derived from any proceeds that the said defendant obtained directly and

indirectly as a result of the said violations and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One and Two of this Indictment, including, but not limited to a sum of money equal to all proceeds obtained as a result of the narcotics offenses, for which the defendant is jointly and severally liable.

Substitute Asset Provision

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853, 846, 970 and 963.)

FORFEITURE ALLEGATION

12.   As a result of committing the money laundering offense alleged in Count Three of this Indictment, FERNEY LOPEZ-MUNOZ, a/k/a "Ferney Velasquez," a/k/a "Engineer," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, any and all property, real and personal, involved in the money laundering offense and all property traceable to such property used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Three of this Indictment, including, but not limited to a sum of money not less than $270,300 in United States Currency obtained as a result of the money laundering offense.

Substitute Asset Provision

13.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (1) cannot be located upon the exercise of due diligence;
>
> (2) has been transferred or sold to or deposited with, a third party;
>
> (3) has been placed beyond the jurisdiction of the Court;
>
> (4) has been substantially diminished in value; or
>
> (5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1956)


_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

FERNEY LOPEZ-MUNOZ,
a/k/a "Ferney Velasquez,"
a/k/a "Engineer,"

Defendant.

**INDICTMENT**

S2 07 Cr. 198

(Title 21, United States Code,
Sections 846 and 963; Title 18, United
States Code, Section 1956(h).)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

*/s/ Madiline Couton*
Foreperson.